# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

## WACO DIVISION

| | |
|---|---|
| **Milestone IP LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **BMO Harris National Association,** <br><br> Defendant. | Case No. 6:20-cv-00884 <br><br> Patent Case <br><br> Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Milestone IP LLC ("Plaintiff"), through its attorneys, files this Complaint for patent infringement against BMO Harris National Association ("Defendant"), and alleges as follows:

### PARTIES

1. Plaintiff Milestone IP LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 6009 W. Parker Rd., Ste. 149 – 1124, Plano, TX 75093.

2. Defendant BMO Harris National Association is a corporation organized and existing under the laws of Illinois maintains an established place of business at 111 W. Monroe St., Ste 13w, Chicago, IL 60603. Defendant can be served at its headquarters.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b), because Defendant has committed acts of patent infringement in this District and has an established place of business in this District. In addition, Plaintiff has suffered harm in this district.

## PATENTS-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 6,236,994 ("the '994 Patent"), 6,473,523 ("the '523 Patent"), and 7,114,124 ("the '124 Patent") (collectively the "Patents-in-Suit"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for Defendant's infringement of the Patents-in-Suit.

### The '994 Patent

8. The '994 Patent is entitled "Method and apparatus for the integration of information and knowledge," and issued May 22, 2001. The application leading to the '994 Patent was filed on June 29, 1998. A true and correct copy of the '994 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '994 Patent is valid and enforceable.

### The '523 Patent

10. The '523 Patent is entitled "Portable text capturing method and device therefor," and issued October 29, 2002. The application leading to the '523 Patent was filed on May 4, 1999. A true and correct copy of the '523 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The '523 Patent is valid and enforceable.

### The '124 Patent

12. The '124 Patent is entitled "Method and system for information retrieval from query evaluations of very large full-text databases," and issued September 26, 2006. The application leading to the '124 Patent was filed on February 26, 2001. A true and correct copy of the '124 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

13. The '124 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE PATENTS-IN-SUIT

14. Plaintiff incorporates the above paragraphs herein by reference.

15. **Direct Infringement.** Defendant has directly infringed one or more claims of the Patents-in-Suit in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the products, instrumentalities, and/or services identified in the charts incorporated into this Count below ("Defendant's Exemplary Products"), which have infringed the claims of the Patents-in-Suit identified in the charts incorporated into this Count below (the "Patents-In-Suit Claims") literally or by the doctrine of equivalents. On information and belief, numerous other products,

instrumentalities, and/or services infringing the claims of the Patents-in-Suit have been made, used, offered for sale, sold, and/or imported by Defendant and/or its customers.

16. On information and belief, Defendant has also directly infringed, literally or under the doctrine of equivalents, the Patents-In-Suit Claims, by having its employees internally test and/or otherwise use Defendant's Exemplary Products in an infringing manner.

17. On information and belief, Defendant has used, promoted, and permitted the use of Defendant's Exemplary Products in an infringing manner, including, but not limited to, distributing and/or disseminating product literature and website materials inducing end users and others to use Defendant's Exemplary Products in a customary and intended manner that has infringed the Patents-in-Suit.  Thus, on information and belief, Defendant has contributed to and/or induced the infringement of the Patents-in-Suit.

18. Defendant has had knowledge and notice of the Patents-In-Suit, as well as of its own infringement of the Patents-In-Suit, at least since the date of the filing of the present Complaint.

19. On information and belief, Defendant's infringement of the Patents-in-Suit has been willful.

20. Defendant's willful infringement of the Patents-in-Suit renders this case exceptional within the meaning of 35 U.S.C. § 285, for which Plaintiff is entitled to enhanced damages.

21. Plaintiff incorporates by reference in its allegations herein the claim charts of Exhibits 4, 5, and 6.

22. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## JURY DEMAND

23. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

A. That Defendant has infringed one or more claims of the Patents-in-Suit.

B. That Plaintiff be awarded all damages adequate to compensate it for Defendant's infringement of the Patents-in-Suit, such damages to be determined by a jury and an accounting, if necessary, to compensate Plaintiff adequately for Defendant's infringement;

C. That the damages awarded to Plaintiff be trebled, with pre-judgment and post-judgment interest, costs, expenses, and disbursements as justified under 35 U.S.C. § 284;

D. That this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees incurred in prosecuting this action; and

E. That Plaintiff be awarded such other relief as this Court deems just and proper.

Dated: September 29, 2020

Together with:

Franklin D. Kang, Esq.
Global Law & IP, PC
25521 Prado de Oro
Calabasas, CA 91302
Telephone: (310) 951-1123
Email: franklindkang@gmail.com

Respectfully submitted,

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

ATTORNEYS FOR PLAINTIFF
MILESTONE IP LLC